IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VIRGINIA LEBLANC                  *
                                  *
                                  *
       v.                         *     Civil No. – JFM-12-2162
                                  *
THE TRUSTEES OF INDIANA UNIVERSITY*
                              ******

**MEMORANDUM**

Virginia LeBlanc has filed this action against the Trustees of Indiana University. She asserts claims under the Equal Pay Act and Title VII. Defendant has filed a motion to dismiss for lack of personal jurisdiction and improper venue. Plaintiff, in addition to opposing the motion to dismiss, has filed a motion for transfer to the Southern District of Indiana.

Personal jurisdiction over Indiana University is clearly lacking. The University proffers, and plaintiff does not dispute, that none of its campuses are located in Maryland, that none of its offices are located in Maryland, that it owns no real estate in Maryland, that it conducts no business ventures in Maryland, that it maintains no registered agent in Maryland, and that it maintains no registration with the Maryland secretary of state. Moreover, the record establishes that plaintiff was employed by the University in Indiana, paid Indiana income tax on her compensation from the University, and filed her EEOC charge in Indiana. Therefore, there is no ground for asserting personal jurisdiction over the University under the Maryland Long Arm Statute.

Venue is also improper in Maryland. Plaintiff concedes that none of the requirements established by 42 U.S.C. §2000e-5(f)(3) for establishing venue have been met. She argues, however, that because her claim predominately is one for equal pay, the general venue statute, 28

1

U.S.C. §1391, applies.  Assuming that argument to be correct, venue in Maryland nevertheless is improper.  The only argument made by plaintiff that under the general venue statute venue in Maryland is appropriate is that one of the trustees of the University is a resident of Hong Kong.  According to plaintiff, this residency should be imputed to the University, and therefore under §1391(c)(3) the University may be sued in any judicial district within the United States.  Obviously, the residence of one of the trustees of the University – who is not a party to this litigation - does not establish the University's residency for purposes of §1391.

This action could have been instituted in the Southern District of Indiana, where the University is located.  Therefore, I will transfer this action to that District pursuant to 28 U.S.C. §1406.  I note that I have considered whether to condition transfer upon plaintiffs reimbursing the University for all or part of the attorneys' fees it has incurred in defendant the action in Maryland.  *Cf. Wilkinson v. J.D. Searle & Co.*, 991 F.2d 1195, 1201 (4th Cir. 1993).  However, an affidavit submitted by plaintiff's counsel, however, (which has not been rebutted by the University) establishes that plaintiff agreed to stipulate to a transfer before defendant filed its motion to dismiss.  Therefore, I do not believe that transfer should be conditioned upon plaintiff paying the attorneys' fees that the University has incurred in Maryland.[1]

A separate order effecting the rulings made in this memorandum is being entered herewith.

Date:  October 23, 2012          \_\_\_\_/s/_____
                                 J. Frederick Motz
                                 United States District Judge

---

[1] I recognize that there is a general public benefit for insisting upon compliance with rules limiting personal jurisdiction.  See *Wilkinson*, 991 F.2d at 1201 (*quoting Coté v. Wadel,* 796 F.2d 981 (7th Cir. 1986)).  I am persuaded, however, that this general benefit is outweighed here by the fact that if this action were dismissed, plaintiff's Title VII action, even if refiled in the Southern District of Indiana, would in all likelihood be time barred.